CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 15, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| RANDY LEE LASSITER, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:24cv00701 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| CORR. OFF'R A. HARRIS, et al., | ) | By: Robert S. Ballou |
| Defendants. | ) | United States District Judge |

Plaintiff Randy Lee Lassiter, Jr., a Virginia inmate proceeding *pro se*, filed a civil rights Complaint on September 20, 2024, asserting 4 unrelated sets of factual claims under 42 U.S.C. § 1983 against different defendants on different dates, naming a total of 11 defendants or groups of defendants working at Wallen's Ridge State Prison. As amended on November 21, 2025, the suit named 25 additional defendants (or groups of defendants), for a total of 36 defendants, and added at least 9 more unrelated sets of factual claims against different defendants on different dates. The various complaints run the gamut, including claims of excessive force, deliberate indifference to medical needs, cruel and unusual jail conditions, and retaliation. Some of the numbered claims contain two unrelated claims within them. This practice is inconsistent with the Federal Rules of Civil Procedure (*See* Fed. R. Civ. P. 18, 20) and with the requirements of the Prison Litigation Reform Act (PLRA), as Lassiter has been advised by this court on previous occasions. *See Lassiter v. Blevins*, No. 7:23cv00650, Dkt. No. 74, p. 2 (W.D. Va. Nov. 19, 2024); *Lassiter v. Looney*, No. 7:24cv851, Dkt. No. 44, p. 4, ¶¶ 7–8 (W.D. Va. May 22, 2026). Because the Complaint fails to comply with the Federal Rules of Civil Procedure, I will give Lassiter 30 days to file properly severed Amended Complaints, along with the appropriate filing fees, for any of the claims he wishes to pursue.

## I. PROCEDURAL BACKGROUND

On October 15, 2024, this court entered an order conditionally filing the original Complaint until satisfaction of the requirements set forth in the order; the order advised that the court would not adjudicate legal and factual matters raised in any pleading or motion until Lassiter complied with the requirements. Dkt. No. 6, ¶ 1. The order further assessed a total fee of $405.00, and directed Lassiter to provide, within 30 days, a statement of assets and a prisoner trust account form (both of which were provided to him) if he wished to apply to proceed *in forma pauperis*; Lassiter was also advised that he would be required to pay the full $350.00 filing fee and $55.00 administrative fee, if he did not qualify to proceed *in forma pauperis*, before the case could proceed. *Id.* at ¶¶ 2–3.

After several requests for an extension of time to file the documents, Lassiter twice filed a motion to proceed *in forma pauperis*, denied without prejudice by the court, reminding him he had to file the required documents. On June 30, 2025, he then provided a partial trust account statement, not on the form provided and for the wrong timeframe. Another order and set of forms with the proper dates and requested information were sent to Lassiter on July 25, 2025. Dkt. No. 21. On September 2, 2025, Lassiter sent a letter and attachment showing that the Court of Appeals had granted his motion to proceed *in forma pauperis*, and he indicated that he was having trouble getting the paperwork completed for this court because the officers at Red Onion were retaliating against him for the litigation. Dkt. No. 22. He filed another motion for leave to proceed *in forma pauperis* on October 21, 2025, but still no properly completed trust account report. *See* Dkt. No. 23. At that time, he also filed a motion to amend his Complaint (Dkt. No. 24), which the court granted by order entered on October 23, 2025; as previously indicated, the

2

Amended Complaint was placed in the prison's mail system on November 21, 2025, expanding the number of claims and defendants.

Throughout this time, Lassiter repeatedly filed motions for counsel, which were denied without prejudice. On January 27, 2026, Lassiter filed a motion for preliminary injunction against four of the defendants, Wallen's Ridge supervisory personnel, for new alleged violations of his rights and ongoing retaliation at Wallens Ridge and Red Onion. Dkt. No. 31. Lassiter sought transfer to a DOC facility in the Eastern District of Virginia, and an injunction against being returned to Wallens Ridge or Red Onion.

Based on Lassiter's continued representation that Red Onion would not provide the required trust account information, the court sent an order directly to the Warden at Red Onion, where Lassiter was then incarcerated, directing that the prisoner trust account report be provided. Dkt. No. 32. Within two weeks, the court received the trust account report from Red Onion. Dkt. No. 33. On March 2, 2026, Lassiter filed a motion for extension of time to file a copy of the trust report. Dkt. No. 35. The court granted the motion and deemed the report timely filed. Dkt. No. 38. The case is now before the court for preliminary review, as required by 28 U.S.C. § 1915A.

## II. DISCUSSION

At the outset, Lassiter's remaining motions to proceed *in forma pauperis* (Dkt. Nos. 19, 23) will be denied. According to the trust account report, the month before the suit was filed, September 2024, Lassiter had $7,054.88 available in his spending account. Monthly statements show that he transferred $10,000 from the spending account to a savings account on August 7, 2024, meaning that he had cash assets exceeding $17,000 at the end of the month before the suit

3

was filed.  Dkt. 33 at 15.  Whether he had assets of $7,000 or $17,000, he clearly had the ability to pay the filing fee.

As stated in the introduction to this opinion, Lassiter's Amended Complaint violates Federal Rules of Procedure 18 and 20, regarding when claims and parties may be joined in a single action.  When a plaintiff is suing only one person, one defendant, he may include as many different, unrelated claims against that person as he wishes.  Fed. R. Civ. P. 18(a).  However, when the plaintiff has multiple defendants, different claims may be joined together *only* if the claims arose out of the *same* occurrence *and* involve a question of fact or law common to all the defendants.  Fed R. Civ. P. 20.  For example, a claim against two officers for excessive force, resulting in injuries, and against a nurse or doctor for deliberate indifference to those very injuries, can be brought together because they are related to the same event *and* the severity of the injuries is a factual question common to both claims.  Conversely, a claim against officers A and B for excessive force on one day in August and a claim against officers C and D for excessive force on one day in September cannot be combined.  Although the same law applies to both incidents, the facts about what occurred are different—different dates, different people, and the two different incidents belong in two different lawsuits.  Otherwise, the suit becomes a confusing morass that consumes excessive time and judicial resources, even more so when 13+ different incidents are combined against 35 different defendants as Lassiter has done here.

Not only does misjoinder run afoul of the procedural rules, in prisoner litigation misjoinder violates the letter and spirit of the PLRA.  Congress enacted the PLRA to deter frivolous prisoner litigation by imposing economic costs when filing suit in federal court.  *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).  Filing fees are required for each lawsuit.  Those who qualify for *in forma pauperis* may make partial payments through their trust accounts while the

case proceeds, unless they have had three prior "strikes," that is, cases dismissed as frivolous, malicious, failing to state a claim for which relief may be granted, or seeking recovery from one with immunity to suit.  28 U.S.C. §§ 1915(b), (e), and (g), and 1915A.  Allowing misjoinder permits a plaintiff to bring multiple cases with a single filing fee, and if all the cases within that lawsuit are frivolous, to escape with a single strike.  Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA." *Green v. Denning*, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009).

Because Lassiter will be granted leave to file a Second Amended Complaint asserting only those claims which comply with the Federal Rules of Civil Procedure, I will mention other deficiencies with many of Lassiter's claims as currently pled.  To state a valid claim under § 1983, a plaintiff must provide specific factual allegations from which a court could infer that the plaintiff's rights have been violated.  Conclusory allegations of the elements of the claim, standing alone, are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must allege sufficient facts in the complaint to allow the reader to draw the conclusion that force was excessive, that a particular defendant knew of a serious risk of harm and chose to ignore the risk, or that an officer was motivated by a desire to retaliate.  Just saying "he used excessive force", "she was deliberately indifferent", or "he was being retaliatory" is a legal conclusion, not a statement of fact.

In choosing which claims to pursue, Lassiter must remember that liability can be imposed only on a "person" who, acting under color of state law, violates the constitutional rights of another.  42 U.S.C. § 1983.  A jail or prison is not a "person" that can be sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893–94 (E.D. Va. 1992).  Neither is the "medical department" or the "dental department."  Liability under § 1983 is personal, based upon

5

each defendant's own constitutional violations. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Collective allegations against a group of defendants, like medical staff, security, or floor officers, are insufficient to identify a particular person amenable to suit under § 1983. *E.g., Langford v. Joyner*, 62 F.4th 122, 125 (4th Cir. 2023); *Flowers v. Griffin*, No. 3:20cv850, 2022 WL 16574796, at *3 (E.D. Va. Nov. 1, 2022).

Unlike regular tort actions, government officials are not held liable for the constitutional misconduct of their subordinates under a theory of *respondeat superior*, that is, just because the official was responsible for supervising that employee. *Ashcroft*, 556 U.S. at 676. The official must be guilty of a constitutional violation of the plaintiff's rights before he can be held liable. Finally, state prisons are part of the Virginia Department of Corrections, a state agency which is protected from suit by sovereign immunity granted by the Eleventh Amendment. *Billups v. Carter*, 604 S.E.2d 414, 420 (Va. 2004) (recognizing that the Virginia Tort Claims Act created a limited waiver of sovereign immunity for the Commonwealth, but not for its agencies, such as VDOC). Prisons are not "municipalities." *See Stewart v. Nottoway County*, 684 F. Supp. 3d 467, 476–77 (E.D. Va. 2023) (explaining the factors which determine whether an entity is a state agency or a municipality).

I will give Lassiter the opportunity to file a Second Amended Complaint within 30 days which complies with the Federal Rules of Procedure and corrects the other deficiencies identified in this opinion. He is directed to pay the $405.00 filing fee, which includes the $55.00 administrative fee for this action. The Second Amended Complaint, which will retain this case number, must name in its caption all people Lassiter claims to be liable for the events arising from the same transaction or occurrence which is the subject of this suit—and only the people involved in those events. Lassiter must describe specific facts about what each named defendant

6

did (or did not do) that violated his rights.  The facts should include relevant information such as when and where the incident occurred, who did what, the order in which the events occurred, and what harm, if any, Lassiter suffered because of the defendants' conduct. Failure to comply with these instructions could result in DISMISSAL of this case.

Any Second Amended Complaint will become the operative complaint in this case for only those causes of action regarding the events arising from the same transaction or occurrence. Lassiter may file any additional claims in new actions regarding events arising from separate transactions or occurrences. The new lawsuits must comply with the pleading requirements of the Federal Rules of Civil Procedure and as described in this memorandum opinion. Any new lawsuits relating to Lassiter's conditions of confinement will be governed by the PLRA regarding *in forma pauperis* status or paying the appropriate filing fee.

An appropriate order will be entered this date.

Enter:  July 15, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge